# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60732
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2016

Lyle W. Cayce
Clerk

LUIS EDGAR LOPEZ ESCOBEDO; ANA LUISA GOMEZ DE LOPEZ,

Petitioners

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A205 112 662
BIA No. A205 112 663

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Luis Edgar Lopez Escobedo (Lopez Escobedo) and his wife, Ana Luisa Gomez de Lopez (Gomez de Lopez), citizens and natives of Mexico, petition for review of the order of the Board of Immigration Appeals (BIA) dismissing their appeal from the order of the immigration judge (IJ) denying their application for asylum, withholding of removal, and protection under the Convention

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60732

Against Torture (CAT). They assert that they met their burden of proof of showing that they would more likely than not be persecuted if they returned to Mexico on account of their relationship to Lopez Escobedo's siblings, which they contend is membership in a particular social group. They also assert that they should be granted protection under the CAT "because the Mexican Government is unable or unwilling to protect them from the Zetas."

When considering a petition for review, we have the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). We may review the IJ's ruling as well as the BIA's decision in this case because the BIA rejected the petitioners' claims for essentially the same reasons as the IJ. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

We review questions of law de novo. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). "Factual findings are reviewed for substantial evidence, which requires only that the BIA's decisions be supported by record evidence and be substantially reasonable." *Id.* (internal quotation marks and citations omitted). Under the substantial evidence standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).

Before the BIA, the entire argument raised by Lopez Escobedo and Gomez de Lopez was "[t]he Immigration Judge erred in denying Respondents' Application for Asylum, Withholding, and under the convention against torture in that Respondents testified credibly that they fear returning to Mexico because of persecution." The BIA affirmed the denial of relief under the CAT on the ground that Lopez Escobedo and Gomez de Lopez had not challenged the IJ's ruling on that issue. Accordingly, we do not have

2

jurisdiction to consider their argument that they are entitled to protection under the CAT.  *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

Lopez Escobedo and Gomez de Lopez do not raise any arguments beyond their conclusory assertion that the evidence shows that they were entitled to relief, and they do not raise any specific challenges to the rationales underlying the decision of the BIA.  Accordingly, their challenge to the BIA's denial of their application for asylum and withholding of removal is deemed abandoned.  *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 321 n.1 (5th Cir. 2007); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Furthermore, to the extent their argument is sufficient to be considered, it is without merit.  Substantial evidence supported the BIA's determination that any danger they faced was due to the desire of the Zetas to seek revenge against a defector who testified against their organization, not due to their membership in Lopez Escobedo's family.  *See Zhang*, 432 F.3d at 344.  As any persecution faced by Lopez Escobedo and Gomez de Lopez was based upon a personal vendetta rather than a protected ground, the BIA did not err by denying their request for asylum.  *See Adebisi v. INS*, 952 F.2d 910, 913 (5th Cir. 1992).  Because Lopez Escobedo and Gomez de Lopez cannot demonstrate that they are eligible for asylum, they also cannot show that they meet the higher standard for withholding of removal.  *See Efe*, 293 F.3d at 906.

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.